## OPPENHEIMER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   January 16, 1896.)

CUSTOMS DUTIES—COTTON CHENILLE HOODS—ACT OCT. 1, 1890.
 Hoods made of cotton chenille are dutiable under paragraph 351 of the tariff act of October 1, 1890, as goods manufactured of cotton chenille, and not under paragraph 349, as clothing ready made, composed of cotton, not specially provided for.  66 Fed. 740, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal from the decision of the circuit court (66 Fed. 740) affirming the decision of the board of general appraisers, concerning certain goods imported by Herman Oppenheimer.   Affirmed.

Edwin B. Smith and Benj. Barker, for appellant.

Wallace MacFarlane, U. S. Atty., Henry D. Sedgwick, and Henry C. Platt, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.   The importations in controversy, manufactures of cotton chenille, consisting of hoods, popularly known as "fascinators," an article of women's wearing apparel, were classified for duty by the collector under the provision of the tariff act of October 1, 1890, which reads as follows:

"351. Chenille curtains, table covers, and all goods manufactured of cotton chenille, or of which cotton chenille forms the component material of chief value, 60 per centum ad valorem."

By the importer's protest it was insisted that they should have been classified under that provision of the act which reads as follows:

"349. Clothing ready made, and articles of wearing apparel of every description, handkerchiefs, and neck-ties or neck-wear, composed of cotton or other vegetable fibre, or of which cotton or other vegetable fibre is the component material of chief value, made up or manufactured wholly or in part by the tailor, seamstress or manufacturer, all of the foregoing not specially provided for in this act, 50 per centum ad valorem."

Chenille is a yarn made from cotton cloth by a process which involves considerable labor.   Manufactures of chenille are subjected to a higher ad valorem duty than any other cotton products in the cotton schedule, and the articles of wearing apparel of that schedule are subjected to the next higher ad valorem duty.   Various provisions of the act demonstrate that congress did not intend to prescribe a lower duty upon wearing apparel than upon the material of which it is made.   Thus, woolen wearing apparel is taxed per pound $4\frac{1}{2}$ times the duty imposed on a pound of unwashed wool of the first class, and, in addition, 60 per centum ad valorem (paragraph 396); linen wearing apparel is taxed at 55 per centum ad valorem (paragraph 373); while the manufactures of flax not specially provided for are taxed at 50 per centum ad valorem (paragraph 371); silk wearing apparel is taxed at 60 per centum ad valorem (paragraph 413); while

the manufactures of silk not specially provided for are taxed at 50 per centum ad valorem (paragraph 414). So cotton wearing apparel is taxed at 50 per centum ad valorem (paragraph 349); while all manufactures of cotton not specially provided for are taxed at 40 per centum ad valorem (paragraph 355). It will be observed that the chenille provision does not contain the qualifying words "not otherwise provided for," and thus is in its phraseology absolute and exclusive. On the other hand, the wearing-apparel provision is qualified by the words "not specially provided for in this act," thus evincing the intention of congress to except some articles of cotton wearing apparel from the general enumeration.

The two provisions can be consistently read together so as to subject the articles of wearing apparel composed of cotton, etc., to a duty of 50 per centum ad valorem, except when, being composed of cotton chenille, they are otherwise provided for. We think they should be read in this way, and the decision of the circuit court is accordingly affirmed.